11-1014-cv
*Marie-Ange Joseph v. North Shore University Hospital*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

Present:
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges*.
_____

MARIE-ANGE JOSEPH,

                *Plaintiff-Appellant*,

                v.                                          No. 11-1014-cv

NORTH SHORE UNIVERSITY HOSPITAL,

                *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          ALAN E. WOLIN, Wolin & Wolin, Jericho, N.Y.

For Defendant-Appellee:           LEONARD M. ROSENBERG (Marianne Monroy, Lauren M. Levine, Salvatore Puccio, *on the brief*), Garfunkel Wild, P.C., Great Neck, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Lindsay, *M.J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Marie-Ange Joseph ("Joseph") appeals from a February 16, 2011 judgment of the United States District Court for the Eastern District of New York (Lindsay, *M.J.*), granting summary judgment in favor of Defendant-Appellee North Shore University Hospital (the "Hospital") on Joseph's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*[1]  On appeal, Joseph argues that the court erred in ruling that Joseph failed to demonstrate that she suffered from a disability for the purposes of the ADA; in holding that Joseph failed to establish a *prima facie* case of discrimination on the basis of her national origin; and in determining that Joseph was not subject to a hostile work environment on the basis of either her alleged disability or her national origin.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's order granting summary judgment.  *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009).  "Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."  *10 Ellicott Square Court Corp. v. Mtn. Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir. 2011) (internal quotation marks omitted).  The burden is on the moving party to

---

[1] The parties consented to the magistrate judge's exercise of jurisdiction pursuant to 28 U.S.C. § 636(c).

demonstrate that no genuine issue respecting any material fact exists. *See id.* In reviewing a court's decision granting summary judgment, the appellate court must consider "the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006). "Nevertheless, the non[-]moving party must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Id.* (internal quotation marks omitted); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) ("[U]nsupported allegations do not create a material issue of fact.").

First, we agree with the magistrate judge that Joseph failed to adduce sufficient evidence of a disability to satisfy that element of a *prima facie* ADA claim. *See Giordano v. City of N.Y.*, 274 F.3d 740, 747 (2d Cir. 2001). The version of the ADA in effect at the time of Joseph's termination in 2007 defined "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *EEOC v. J.B. Hunt Transp., Inc.*, 321 F.3d 69, 74 (2d Cir. 2003) (quoting 42 U.S.C. § 12102(2) (1991)), *superseded by* 42 U.S.C. § 12102(3) (2009). On *de novo* review of the record, we identify evidence that Joseph suffered from a bunion and pain on her toenail following surgery which prevented her from wearing stockings with closed shoes. While these symptoms caused Joseph some difficulty with walking,[2] *see* 29 C.F.R. § 1630.2(i) (1991),

---

[2] Although Joseph indicated that she had some difficulty standing, standing was not considered a "major life activity" under the prior version of the regulations applicable here. *See* 29 C.F.R. § 1630.2 (1991) ("Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.").

Joseph did not adduce sufficient evidence to support a finding that she was "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i) (1991), *superseded by* 29 C.F.R. § 1630.2(j) (2011). Indeed, Joseph testified that she was not limited in performing her work duties by her foot condition. Further, Joseph failed to demonstrate that the Hospital perceived her as suffering from a disability, as her doctors' communications to the Hospital indicate no more than that she was suffering from foot pain and therefore could not wear stockings. *See Colwell v. Suffolk Cnty. Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998) (requiring showing that employer regarded plaintiff as having "an impairment that substantially limited a major life activity"). We therefore find no error in the granting of summary judgment to the Hospital on Joseph's ADA claims.[3]

We next conclude that Joseph failed to establish a *prima facie* case of discrimination on the basis of her national origin. Under the *McDonnell Douglas* framework applicable to Title VII claims, a plaintiff must first demonstrate a *prima facie* case of discrimination by showing that: 1) she was in a protected group; 2) she was qualified for the position; 3) she was subject to an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003); *Collins v. N.Y. City Trans. Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). Joseph principally cited as evidence of discrimination on the basis of her Haitian origin an August 14, 2007 disciplinary notice reprimanding her for speaking in her native French in violation of the Hospital's policy to speak

---

[3] Because Joseph has not established that she is a person with a disability within the meaning of the ADA, her failure to accommodate claim against the Hospital also fails. *See McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96-97 (2d Cir. 2009).

4

English in the office unless the employee was assisting a patient who spoke another language. However, Joseph adduced no evidence to support her claim that other employees were permitted to speak Spanish in the workplace without being disciplined and thus no evidence that she was treated differently by the Hospital because of her Haitian origin. *See Soberal-Perez v. Heckler*, 717 F.2d 36, 42 (2d Cir. 1983) (observing that a policy having a preference for English over all other languages is not evidence of discriminatory intent). Accordingly, the magistrate judge did not err in granting summary judgment to the Hospital on Joseph's discrimination claim.

Finally, we conclude that Joseph did not establish a claim for a hostile work environment based on either disability or national origin discrimination. Harassment is actionable when it creates a hostile work environment which is "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [plaintiff's] employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). The record is devoid of evidence suggesting that Joseph was disabled within the meaning of the ADA, or that she was ridiculed or harassed because of an alleged disability. Nor does the record support a claim that Joseph was discriminated against on the basis of her Haitian origin or that she was harassed or ridiculed on this basis. *See Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) ("A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."). Consequently, the magistrate judge did not err in rejecting this claim.

We have reviewed the parties' remaining arguments and find them to be moot, waived, or without merit. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk