20-64-cv
Liu v. Indium Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-one.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

WEIPING LIU,

> *Plaintiff-Appellant*,

> v.                                                                 **20-64**

INDIUM CORPORATION OF AMERICA,
NING-CHENG LEE, Vice President of
Technology of Indium Corporation,

> *Defendants-Appellees*,

DAWN ROLLER, Director of Human Resources of Indium
Corporation, GREG EVANS, President of Indium Corporation,

> *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                    Weiping Liu, pro se, New Hartford, NY.

**FOR DEFENDANTS-APPELLEES:**     Kevin G. Martin, Martin & Rayhill, P.C., Utica, NY.

Appeal from a December 11, 2019 judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on August 15, 2019 is **AFFIRMED**.

Appellant Weiping Liu, through counsel, sued his former employer, Indium Corporation of America ("Indium"), and three of its employees under 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 2000e, et seq., and New York State law. Liu, a former research scientist in Indium's research and development department ("R&D"), alleged that Defendants discriminated against him based on his Asian race and retaliated against him for complaining of discrimination by firing him in 2016. The district court granted summary judgment to Defendants on all claims but that charging Indium and Defendant Ning-Cheng Lee with retaliation. At trial, a jury found in these Defendants' favor. Proceeding *pro se*, Liu appeals the district court's partial summary judgment ruling, certain evidentiary rulings at trial, and the jury instructions; he also moves to file a supplemental appendix. Defendants move to file late opposition papers to Liu's motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     SUMMARY JUDGMENT**

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d

120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

**A.      Federal-Law Claims**

        1.      <u>Title VII and Section 1981 Racial Discrimination Claims Against Indium and Lee</u>

Title VII and section 1981 claims are evaluated under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015) (Title VII); *Choudhury v. Polytechnic Inst. of N.Y.*, 735 F.2d 38, 44 (2d Cir. 1984) (section 1981). To make out a prima facie case of discrimination, a plaintiff has the burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. After a plaintiff establishes a prima facie case of discrimination, the employer must articulate a legitimate, non-discriminatory reason for the adverse employment decision. *See id*. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is pretext for discrimination. *See id.* at 804–05. If the plaintiff cannot establish pretext, the employer is entitled to summary judgment. *See James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).

At the outset, Liu has failed to establish a prima facie case of discrimination. Liu argues discrimination is evident in the different treatment of Asian and white employees, a lack of promotion opportunities, a rule prohibiting employees from speaking Chinese at the office (the

"no Chinese rule"), and R&D's exclusion from certain company programs. But Lee, who managed the R&D department, is Asian, and the scientists who rotated as Lee's deputies were all Asian (except for Lee Kresge, who is white). Therefore, it cannot be said that Asian employees were denied any promotional opportunities based on race. *Cf. Brown v. Henderson*, 257 F.3d 246, 254 (2d Cir. 2001) (concluding that employees' treatment was not due to sex when no evidence suggested that plaintiff's sex was relevant to alleged mistreatment and men and women were treated equally). With respect to the no Chinese rule, Liu failed to offer any evidence that employees were permitted to speak other foreign languages at work or that Chinese employees were otherwise singled out under the rule. *See Joseph v. N. Shore Univ. Hosp.*, 473 F. App'x 34, 37 (2d Cir. 2012) (employee prohibited from speaking native French was not discriminated against because she adduced no evidence that coworkers speaking Spanish were treated differently).

Liu next asserts that Indium discriminated against Asians by forcing scientists to work extra days, prohibiting R&D employees from competing for an internal company award, disallowing business-class air travel, ignoring Liu's suggestions to improve the company, and mishandling Liu's complaints about his coworkers. But Liu did not offer any evidence showing that R&D employees of other racial groups were treated differently with respect to any of these matters. Liu also claimed that white scientists and technicians had been picked to chair sessions at industry conferences. But he offered no evidence that Defendants were responsible for those decisions.

Liu next contends that Kresge, a white research scientist, and white technicians in the R&D department were treated more favorably than Liu. But neither of those are suitable comparators. A comparator is similarly situated when he is subject to the same performance standards and

engages in the same conduct. *See Norville v. Staten Is. Univ. Hosp.*, 196 F.3d 89, 96 (2d Cir. 1999). Most of the technicians had only bachelor's degrees while most of the research scientists had Ph.D.s and did not serve as Ning-Cheng Lee's deputies. Thus, they are not similarly situated employees. And although Kresge had the same title as Liu, their duties were different. Kresge also did not have a Ph.D. and, unlike Liu, was not required to publish papers. Nor is there evidence that the white technicians and Kresge were insubordinate or had interpersonal conflicts with other employees as Liu did. Indium's treatment of Liu compared to these white employees is thus insufficient to show a prima facie case of discrimination or that Indium's proffered reasons for firing Liu were pretextual.

Even viewed in the light most favorable to Liu, the evidence does not demonstrate a prima facie case of racial discrimination or that Indium's legitimate, nondiscriminatory reasons for terminating Liu were pretexts for racial discrimination. We therefore affirm the district court's entry of summary judgment in favor of Defendants on Liu's Title VII and section 1981 claims.

2.      Section 1981 Retaliation Claims Against Gregory Evans and Dawn Roller

"The elements required to make out a claim of retaliatory discharge under 42 U.S.C. § 1981 are the same as those required to make out such a claim under Title VII." *Taitt v. Chem. Bank*, 849 F.2d 775, 777 (2d Cir. 1988). To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that "(1) [he] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). To establish a section 1981 claim against an individual defendant, a plaintiff must show the defendant's personal involvement with the alleged

discrimination or retaliation. *See Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015).

Liu failed to carry his burden as to Indium President Gregory Evans because there was no evidence of his personal involvement in Liu's termination. The same goes for Vice President Dawn Roller, whose only involvement in Liu's firing was processing Liu's termination administratively. And although she knew of a racial discrimination complaint made by Liu in 2013, she did not know that Liu had made more recent complaints alleging racial discrimination. A reasonable factfinder thus could not have concluded that there was a causal connection between the protected activity and Roller's involvement in Liu's termination. Therefore, Liu's retaliation claims against these defendants fail at the prima facie step of review.

**B.** **State-Law Claims**

1. Breach of Contract

The district court properly entered summary judgment in favor of Indium on Liu's breach-of-contract claim. Insofar as Liu argues that assurances made to him by Lee established an oral contract, his claim fails. The New York Statute of Frauds requires contracts that cannot be fully performed within a year to be in writing. N.Y. Gen. Oblig. Law § 5-701(a)(1). Moreover, New York courts consider oral employment contracts that are indefinite in nature to create at-will employment relationships. *See, e.g., Martin v. N.Y. Life Ins. Co.*, 148 N.Y. 117, 121 (1895) ("[A] general or indefinite hiring is, prima facie, a hiring at will[.]"); *Cunnison v. Richardson Greenshields Sec., Inc.*, 107 A.D.2d 50, 55 (1st Dep't 1985) ("It has long been the law of this State that unless an employment is for a definite period of time, the hiring is presumed to be at will."). Liu argues that Lee told him that "as long as Lee was with Indium, [Liu's] job was secure." Appellant Br. 58. But even if this was true, it does not create a definite end-date for Liu's

6

employment. And even if there were any ambiguity about Liu's employment being at-will, this was resolved by his acknowledged receipt of Indium's employee handbook; both that written acknowledgement and the handbook reiterated that Indium employment was at-will. Thus, Liu's breach of contract claim was correctly dismissed.

### 2. Defamation

The district court properly granted summary judgment to Indium and Lee on Liu's common-law defamation claim. Special harm is an essential element of defamation unless the false statement is defamatory per se. *Dillon v. City of New York*, 261 A.D.2d 34, 38 (1st Dep't 1999). Liu argues that a published scientific article attributed to him is defamatory per se because it was an inaccurate statement about the practice of his profession: Liu was listed as first author of an article that falsely claimed that a particular product, an alloy, was Indium's proprietary invention. The Restatement (Second) of Torts provides that claims about a product do not constitute defamation per se, except when they imply that the developer of a product is somehow incompetent or acting fraudulently. Restatement (Second) of Torts § 573(g). The article contains no information about the sources of the alloys and makes no claims about its authors. Accordingly, Liu was required to offer evidence of special harm to establish defamation. He did not, and thus failed to establish a defamation claim.

### 3. N.Y. Civil Rights Law § 51

Section 51 of the New York State Civil Rights Law permits a plaintiff to sue for damages when his name is used within New York State "for advertising purposes or for the purposes of trade without plaintiff's written consent." *Titan Sports, Inc. v. Comics World Corp.*, 870 F.2d 85, 87 (2d Cir. 1989) (internal quotation marks omitted). Whether a name is used for the purposes of

7

trade is determined by examining whether the plaintiff's name was used to attract customers to the user—in this case, whether the use of Liu's name was intended to attract new customers to purchase Indium's manganese solder products based on the article. *See Griffin v. Harris, Beach, Wilcox, Rubin & Levey*, 112 A.D.2d 514, 515–16 (3d Dep't 1985).

Viewed in the light most favorable to Liu, the evidence does not demonstrate that Indium listed Liu's name on a scientific article for the purpose of attracting customers to Indium. Liu argues the article was a part of a general marketing strategy to prompt consumers to purchase more manganese-based solder products, which were sold by Indium. But the article at issue merely describes the relative strengths of different alloys and does not identity the makers of the alloys or which alloys Indium produces. The district court thus correctly determined that the article was not published to attract customers to Indium.

**II.    TRIAL**

**A.    Evidentiary Rulings**

Liu faults the district court's exclusion of certain exhibits he wished to introduce at trial. We review evidentiary rulings for abuse of discretion, reversing only for manifest error. *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). "A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014) (internal quotation marks omitted). "[A]n evidentiary ruling that is an abuse of discretion is . . . only reversible if it also affects a party's substantial rights," which "requires an assessment of the likelihood that the error affected the outcome of the case." *Manley v. AmBase Corp.*, 337 F.3d 237, 248 (2d Cir. 2003) (internal

8

quotation marks omitted; ellipsis in original).

The excluded exhibits were either irrelevant, inadmissible, and/or duplicative, and in any event, none of them would have affected the outcome of the trial. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 (court "may exclude relevant evidence if its probative value is substantially outweighed by . . . needlessly presenting cumulative evidence"); *Manley*, 337 F.3d at 248.

**B.    Jury Charge**

We review unpreserved errors in jury instructions for fundamental error, which is error "so serious and flagrant that it goes to the very integrity of the trial." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002) (internal quotation marks omitted). Liu argues that the district court erred by instructing the jury, without objection, that "[a]n employer is entitled to make its own policy and business judgment, even if the employer is mistaken and its business judgment is wrong," "[p]retext is not established just because you disagree with Defendants' business judgment, unless you find that Defendants' reason was false and a pretext for retaliation[,]" and "an employer may take adverse decisions against an employee for any reason, good or bad, as long as it is not retaliatory." App'x at 1342**.** Specifically, Liu objects to the omission of the word "legitimate" and contends that the instructions misled the jury into believing that any reason proffered by Defendants was sufficient to meet their burden under *McDonnell Douglas*.

This argument is meritless. The jury instructions, read in context, clearly informed the jury that they were required to find that the company's proffered reasons for termination were legitimate and non-retaliatory. *See Montana v. First Fed. Sav. & Loan Ass'n of Rochester*, 869 F.2d 100, 106 (2d Cir. 1989) (concluding that courts are not permitted to substitute their own

judgment for that exercised by the defendant business but may examine whether a decision was pretextual).

**III.    MOTIONS**

Finally, we deny Liu's motion to file a supplemental appendix containing exhibits that are irrelevant, duplicative of materials in the appendix, or not included in the trial record and deny as moot Defendants' motion to file an untimely response to Liu's motion.

*    *    *

We have considered all of Liu's remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the district court, **DENY** Liu's motion to file a supplemental appendix, and **DENY AS MOOT** Defendants' motion to file an untimely response.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court